UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-61814-ALTMAN/Reinhart

**YACHT MANAGEMENT
SOUTH FLORIDA, INC.**,

    *Plaintiff*,

v.

**LEIGH SMALL,** *et al.*,

    *Defendants*.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

The Plaintiff—Yacht Management South Florida, Inc. ("Yacht Management")—has filed a Motion for Summary Judgment as to Counts I–III of the Defendant's Counterclaim (the "Motion for Summary Judgment") [ECF No. 25]. On June 17, 2024, Magistrate Judge Bruce E. Reinhart issued a report and recommendation, in which he recommended that "Yacht Management's Motion for Summary Judgment be GRANTED as to Counterclaim II and DENIED as to Counterclaims I and III." Report and Recommendation (the "R&R") [ECF No 38] at 20. Magistrate Judge Reinhart also issued the following warning:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

*Ibid.* More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 38] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion for Summary Judgment as to Counts I–III of the Defendant's Counterclaim [ECF No. 25] is **GRANTED** as to Counterclaim II and **DENIED** as to Counterclaims I and III.

**DONE AND ORDERED** in the Southern District of Florida on July 2, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record